# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY GLENN HUNT, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 7:21-cv-01290-LCB-SGC |
| NICK SMITH, *et al.*, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The plaintiff, Anthony Glenn Hunt, Jr., has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1).[1] The complaint names as defendants in their respective individual capacities Nick Smith, Mike Cole, John Huddleston, Tina Burgett, William Adair, Jr., Tony Reid, Krimson Culverson, Steven R. Legg, Henry Allredd, Josh Key, and Brian Keeton. (*Id.* at 2-4). The plaintiff seeks monetary damages, as well as dismissal of pending criminal charges in state court. (*Id.* at 7). For the reasons to follow, the undersigned concludes Hunt's claims are due to be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Citations to the record refer to the document and page numbers assigned by the court's electronic document system and appear in the following format: Doc. __ at __.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act requires this court to screen prisoners' complaints against government officers or employees. *See* 28 U.S.C. § 1915A. The court must dismiss these complaints, in whole or in part, if they are frivolous or malicious, seek monetary damages from a defendant immune from monetary relief, or do not state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). The court has the discretion under § 1915A(a) to dismiss a prisoner's complaint *sua sponte* and prior to service.

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim is "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim is frivolous as a matter of law if the defendants are immune from suit or the plaintiff is seeking to enforce a legal right that does not exist. *Id*. at 327.

The legal standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) also determines whether a complaint states a valid claim under 28 U.S.C. § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level" and a complaint should be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007). On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, the court should dismiss a claim when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), but still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II.   FACTUAL ALLEGATIONS

The complaint concerns events surrounding Hunt's November 4, 2020 arrest in Walker County. That evening, Hunt was asleep in his mother's house; also sleeping in the home were Hunt's girlfriend, mother, and niece. (Doc. 1 at 6). At 8:00 p.m., Hunt alleges state and local law enforcement officers—including several of the named defendants—broke down the front door and entered the house with guns drawn, bearing a warrant for his arrest. (*Id.* at 3, 5-6, 7). Hunt also alleges the officers took unspecified property from the house, despite not having a search

3

warrant. (*Id.*). As relief, Hunt seeks monetary damages for wrongful imprisonment and property damage, as well as punitive damages. (*Id.* at 7). The complaint also requests the dismissal of pending criminal charges against Hunt. (*Id.*). Review of state court records reveals Hunt is detained pending trial in Walker County for charges of murder, abuse of a corpse, and illegal possession of a firearm. *Alabama v. Hunt*, No. CC-2020-900096 (Walker Cty. Cir. Ct. *filed* Dec. 28, 2020); *Alabama v. Hunt*, No. CC-2020-900097 (Walker Cty. Cir. Ct. *filed* Dec. 28, 2020).

### III. ANALYSIS

First, to the extent Hunt seeks release from custody, this court could grant that relief only via a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Because Hunt is detained pending trial, any such federal petition would arise under 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004). Any request for release from custody will not be considered in this § 1983 proceeding. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (forms of relief available via habeas and § 1983 are "mutually exclusive").

Next, to the extent Hunt asserts claims on behalf of his mother or other family members, these claims are subject to dismissal because he cannot pursue claims on behalf of others. A claim under 1983 "is entirely personal to the direct victim of the alleged constitutional tort." *Bodden v. Cole*, No. 11-127, 2012 WL 12895740, at 4

4

(M.D. Fla. 2012); *see also Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (same).  Another court sitting in this district has already informed Hunt of the personal nature of § 1983 claims.  *Hunt v. Calloway*, No. 21-090-AKK-JHE (N.D. Ala. *dismissed* Jan. 29, 2021).

Once the foregoing requests for relief are stripped away, all that remains of Hunt's lawsuit is his request for an order requiring the state court to dismiss his pending criminal charges.  Federal courts abstain from interfering in pending state criminal prosecutions except under "extraordinary circumstances, where the danger of irreparable loss is both great and immediate."  *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) ("nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in Federal court").  "This abstention doctrine assures state courts an opportunity to consider claims before they will be considered by the federal courts."  *Means v. Watkins,* No. 11-3786-LSC (N.D. Ala. *dismissed* Jan. 13, 2012).  Here, Hunt has not alleged any facts to overcome the proscription on enjoining state criminal prosecution.

### IV.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for

failing to state a claim upon which relief can be granted.

## V. NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and

recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

The Clerk is **DIRECTED** to serve the plaintiff with a copy of this order.

**DONE** this 9th day of May, 2022.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE